IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CLINTON HOARD,

Plaintiff,

VS. No. 05-1345-T/An

HUNTINGDON SPECIAL SCHOOL DISTRICT; CAREY COUNSELING CENTER a/k/a CAREY CRISIS CENTER; and TIMBER SPRINGS MENTAL INSTITUTION a/k/a WEST TENNESSEE BEHAVIORAL HEALTH,

Defendants.

---

ORDER GRANTING STATE DEFENDANT'S MOTION TO DISMISS

---

The plaintiff, Clinton Hoard, filed this action against the Huntingdon, Tennessee, Special School District, Carey Counseling Center a/k/a Carey Crisis Center, and Timber Springs Mental Institution a/k/a West Tennessee Behavioral Health. Plaintiff brings the action pursuant to 42 U.S.C. §§ 1983 and 1985, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. He also asserts various claims under Tennessee law.

Plaintiff alleges that his involuntary admission to Western Mental Health Institution ("WMHI")[1] was the result of race and disability discrimination, and thus violated his constitutional and statutory rights. He seeks compensatory, punitive and other unspecified

---

[1] In his complaint, plaintiff refers to WMHI as "Timber Springs Mental Institution a/k/a West Tennessee Behavioral Health." However, as WMHI points out, Timber Springs is a program at WMHI that provides mental health services to children and adolescents.

damages. WMHI has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6); plaintiff has not responded to the motion.

A motion to dismiss under Rule 12(b)(6) tests whether a claim has been adequately stated in the complaint. In evaluating a motion to dismiss under Rule 12(b)(6), all allegations in the complaint are taken as true and the complaint is construed liberally in favor of the party opposing the motion to dismiss. Westlake v. Lucas, 537 F.2d 857, 858 (6th is that "all a complaint need do is afford the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Id. (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A motion to dismiss under Rule 12(b)(6) is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984) (citing Conley, 355 U.S. at 45-46)); Allard v. Weitzman (In re Delorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993).

WMHI is one of five Regional Mental Health Institutes operated by the Tennessee Department of Mental Health and Developmental Disabilities. See Tennessee.gov, http://www.tennessee.gov/mental/mhs/mhs2.html. Through the Timber Springs program, WMHI offers mental health services for children and youth.

Plaintiff, who is black, alleges that on March 31, 2003, he was a student at Huntingdon High School in Huntingdon, Tennessee. Following a verbal altercation between plaintiff and a white classmate, school officials called Angie Williams, a counselor from Carey Counseling Center, to question plaintiff. Ms. Williams determined that plaintiff should be admitted immediately to Timber Springs at WMHI. Plaintiff further alleges that

school officials notified Denise Gibson, his aunt and *de facto* guardian, of the situation and were told she could be at the school in approximately one hour. However, the school officials did not wait for Ms. Gibson to arrive, but called the Sheriff's Department, which transported plaintiff to WMHI against his will.

Plaintiff alleges that he was held involuntarily at WMHI for ten days, after which he was released upon a determination that he had no mental health problems and could return to school. Plaintiff alleges that his admission to WMHI was the result of discrimination on account of his race, as the white student involved in the incident was allowed to remain in school.[2] He alleges that he suffered emotional and psychological damage as a result of these events.

WMHI contends that plaintiff's claims against it are barred by the Eleventh Amendment's grant of sovereign immunity. The Eleventh Amendment provides a state, and its agencies and departments, with immunity from suits brought in federal court by its own citizens as well as by citizens of another state. Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Employees v. Missouri Dept. of Pub. Health and Welfare, 411 U.S. 279, 280 (1973). There are exceptions to this general rule where Congress statutorily abrogates Eleventh Amendment immunity through clear and unmistakable language, Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 242 (1985), and where a state expressly waives its sovereign immunity by specifying its intention to subject itself to suit in federal

[2] Plaintiff also alleges that he was discriminated against on account of disability. (Compl. ¶ 19.) As he identifies no other disability in the complaint, plaintiff is likely referring to his status as a gifted student.

court. Id. at 241; Pennhurst, 465 U.S. at 90; see also Lapides v. Bd. of Regents of Univ. Sys. of Georgia, 535 U.S. 613 (2002) (A state that is sued in state court waives Eleventh Amendment immunity by removing the case to federal court.).

The Supreme Court has held that § 1983 does not abrogate the Eleventh Amendment immunity of the states and their agencies and departments. Quern v. Jordan, 440 U.S. 332, 340-45 (1979). Likewise, Eleventh Amendment immunity is not abrogated under § 1985. See Buck v. Utah Labor Comm'n, 73 Fed. Appx. 345, 347 (10th Cir. 2003); Sherez v. State of Hawaii Dep't of Educ., 396 F. Supp. 2d 1138, 1143 (D. Haw. 2005).[3]

Tennessee has not waived its sovereign immunity with respect to suits in federal court. See Tenn. Code Ann. § 20-13-102;[4] Berndt v. State of Tennessee, 796 F.2d 879, 881 (6th Cir. 1986); Hair v. Tennessee Consol. Retirement Sys., 790 F. Supp. 1358, 1360 (M.D. Tenn. 1992). Rather, exclusive jurisdiction over claims for money damages against the State of Tennessee based on the acts or omissions of its employees lies in the Tennessee Claims Commission. Tenn. Code Ann. § 9-8-307(a).

---

[3] In addition, a state is not a "person" that may be sued under §§ 1983 and 1985 for money damages. Lapides, 535 U.S. at 617 (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989)).

[4] The statute provides:
(a) No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state.

Plaintiff's claims against WMHI are barred by the Eleventh Amendment.[5] Therefore, the motion to dismiss (dkt. #2) is GRANTED. Accordingly, all claims against the defendant identified in the complaint as "Timber Springs Mental Institution a/k/a West Tennessee Behavioral Health" are hereby DISMISSED.

IT IS SO ORDERED.

s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

[5] The complaint also asserts a claim under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, which prohibits discrimination on account of race, color or national origin in programs and activities receiving federal funds. Congress explicitly abrogated Eleventh Amendment immunity in suits under Title VI. See 42 U.S.C. § 2000d-7. However, plaintiff's complaint contains discrimination claims only against Huntingdon Special School District and Carey Counseling Center, not against Timber Springs/WMHI. (Compl. ¶ 17.)